**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATHLEEN REVOIR**<br>Mickleton, NJ 08056<br><br>***Plaintiff,***<br><br>v.<br><br>**QUAKER CITY CHEMICALS, INC.**<br>7360 Milnor Street<br>Philadelphia, PA 19136<br><br>and<br><br>**QUAKER CITY INC.**<br>7360 Milnor Street<br>Philadelphia, PA 19136<br><br>***Defendants.*** | **CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Kathleen Revoir ("Plaintiff"), brings this action against her former employers, Quaker City Chemicals, Inc. and Quaker City Inc. (collectively, "Defendants"), for discriminating against Plaintiff because of her sex (female) and pregnancy, and for retaliating against Plaintiff because she took maternity leave. Defendants' unlawful conduct includes subjecting Plaintiff to a hostile work environment and terminating Plaintiff's employment shortly after she returned from maternity leave, for false and pretextual reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

Plaintiff seeks all appropriate relief, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Kathleen Revoir, is an individual and a citizen of the State of New Jersey. Plaintiff resides in Mickleton, New Jersey.

2. Plaintiff is female.

3. Defendant Quaker City Chemicals, Inc. is a Pennsylvania corporation that maintains a principal place of business at 7360 Milnor Street, Philadelphia, PA 19136.

4. Defendant Quaker City Chemicals, Inc. is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5. Defendant Quaker City Inc. maintains a principal place of business at 7360 Milnor Street, Philadelphia, PA 19136.

6. Defendant Quaker City Inc. is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

7. Defendant Quaker City Inc. issued Plaintiff's payroll and tax forms.

8. At all relevant times, Defendants acted as a single employer, joint employers, and/or alter egos.

9. Defendants are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise. Defendants collectively caused the actions complained of herein.

10. At all relevant times, Plaintiff worked out of Defendants' business office located at 7360 Milnor Street, Philadelphia, Pennsylvania.

11. At all relevant times, Defendants employed fifteen (15) or more employees.

12. At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

13. At all relevant times, Defendants, collectively and individually, acted as employers within the meaning of the statutes which form the basis of this matter.

14. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III. <u>JURISDICTION AND VENUE</u>

15. The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

16. This Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

17. This Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

19. On or about April 30, 2024, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR") complaining of the acts of discrimination and retaliation alleged herein. Plaintiff's PCHR Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

20. On or about June 15, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue

pertaining to Plaintiff's agency complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice.

21. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. <u>FACTUAL ALLEGATIONS</u>

22. Plaintiff was hired by Defendants on or about June 1, 2022.

23. Plaintiff last held the position of Vice President and Financial and Operations Manager.

24. Plaintiff consistently performed her job duties in a highly competent manner.

25. Plaintiff last reported to Lee Metzman (male), President and Owner.

26. On April 6, 2023, Plaintiff learned that she was pregnant.

27. In early May 2023, Plaintiff informed Metzman that she was pregnant, due in December 2023, and planned to take maternity leave. Metzman stated that they would work it out.

28. On October 19, 2023, Metzman asked Plaintiff how long she was planning to be out of work on maternity leave.

29. Plaintiff stated that she planned to be on maternity leave for twelve (12) weeks.

30. On December 6, 2023, Plaintiff went out of work on maternity leave.

31. On December 6, 2023, Plaintiff gave birth.

32. From December 13 to 15, 2023, Plaintiff was hospitalized for post-partum preeclampsia.

33. On December 27, 2023, in a phone call with Plaintiff, Metzman stated that twelve (12) weeks of maternity leave was too long and instructed Plaintiff to return to work on January 22, 2024.

34. On January 9, 2024, Plaintiff agreed to return to work part time on January 22, 2024, working from home, and then return to work full time in the office on February 28, 2024.

35. From December 6, 2023 through January 21, 2024, Plaintiff was out of work on maternity leave.

36. On January 22, 2024, Plaintiff returned to work part time from home.

37. On February 28, 2024, Plaintiff returned to work full time in the office.

38. Upon her return to work in the office, Metzman ignored Plaintiff and interacted with her significantly less than before her maternity leave.

39. Upon her return to work in the office, Plaintiff pumped breast milk in her office, of which Metzman was aware.

40. On March 1, 2024, in a meeting with Metzman and Maria Duignan (female), Accounting Department, Plaintiff's employment was terminated, effective immediately.

41. The stated reason was that it had become apparent that Plaintiff was not going to be filling Metzman's shoes as originally planned.

42. Defendants terminated Plaintiff's employment because of her sex, her recent pregnancy, and/or her having taken maternity leave.

43. Defendants subjected Plaintiff to a hostile work environment because of her sex, her recent pregnancy, and/or her having taken maternity leave.

44. Plaintiff was the only employee reporting to Metzman who was terminated on March 1, 2024.

45. All other employees, all of whom were male and/or had not recently been pregnant and/or had not recently been out of work on maternity leave, were retained when Plaintiff was terminated.

46. Defendants retained employees who were male and/or had not recently been pregnant and/or had not recently been out of work on maternity leave in positions for which Plaintiff was more qualified.

47. Plaintiff had no disciplinary or performance issues throughout her employment with Defendants.

48. Defendants assigned Plaintiff's job duties and responsibilities to male and/or not recently pregnant employees and/or employees who had not recently taken maternity leave. Plaintiff was more qualified to perform her position than the male and/or not recently pregnant employees and/or employees who had not recently taken maternity leave to whom her job duties and responsibilities were assigned.

49. Defendants' sex and pregnancy discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

50. Defendants' comments and conduct evidence a bias against female and/or pregnant and/or recently pregnant employees and/or employees who take maternity leave.

51. Before Plaintiff took maternity leave, Plaintiff had no indication that her job was in jeopardy.

52. Defendants' stated reason for terminating Plaintiff is false and pretextual.

53. Plaintiff's sex, pregnancy, and/or taking of maternity leave were motivating and/or determinative factors in Defendants' discriminatory and retaliatory treatment of Plaintiff, including, without limitation, in the creation of the hostile work environment to which she was subjected and in her termination.

54. The discriminatory and retaliatory conduct of Defendants, as alleged herein, was sufficiently severe or pervasive to make a reasonable person believe that the conditions of

employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

55. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

56. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

57. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

58. Said violations were done with malice and/or reckless indifference to Plaintiff's federally protected rights and warrant the imposition of punitive damages.

59. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

61. No previous application has been made for the relief requested herein.

**COUNT II – PHRA**

62. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

63. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

64. Said violations were intentional and willful.

65. As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

67. No previous application has been made for the relief requested herein.

**COUNT III – PFPO**

68. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

69. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PFPO.

70. Said violations were intentional, malicious and/or willful, and done with reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

71. As a direct and proximate result of Defendants' violations of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

73. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(h) awarding punitive damages to Plaintiff under Title VII and the PFPO;

(i) awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO;

(j) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(k) granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By: */s/ Rahul Munshi*
Rahul Munshi, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
munshi@consolelaw.com

Dated: September 10, 2026

*Attorneys for Plaintiff, Kathleen Revoir*